# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CASE NO. 3:14-mj-8 |
| v. | ) | |
| | ) | JUDGE KIM R. GIBSON |
| VLADISLAV MIFTAKHOV, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the Court is the Government's motion for revocation of release order (ECF No. 13). After holding a second detention hearing, the Court now finds by clear and convincing evidence that the motion should be granted.

### I.

The Government has filed the instant motion under 18 U.S.C. § 3145(a), which provides in pertinent part:

> Review of a release order.--If a person is ordered released by a magistrate judge . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order.

This Court has original jurisdiction over the charged offenses set forth in the criminal complaint in this case. Thus, in conducting its review of the motion for revocation, this Court applies a *de novo* standard of review. *See United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985); *United States v. Chagra*, 850 F. Supp. 354, 356 (W.D. Pa. 1994).

### II.

On February 6, 2014, a criminal complaint was filed against Defendant Vladislav Miftakhov, charging him with unlawful possession or making of an unregistered destructive device, in violation of 26 U.S.C. § 5861(d) and (f). That same day, the

1

Government moved for Miftakhov's detention pursuant to 18 U.S.C. § 3142(f)(1)(E) and 18 U.S.C. § 3142(f)(2)(A). (ECF No. 2). An arrest warrant was issued and, on February 6, 2014, Miftakhov had his initial appearance before United States Magistrate Judge Keith Pesto. Judge Pesto appointed counsel to represent Miftakhov and then entered a temporary order of detention (ECF No. 8). On February 10, 2014, Judge Pesto held a preliminary examination and a detention hearing. At that time, Judge Pesto denied the Government's request to detain Miftakhov pending trial (ECF No. 10), but stayed his decision pending a disposition of the instant appeal before this Court. This Court held a second detention hearing on February 27, 2014.

III.

According to 18 U.S.C. § 3142(e), a person shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or combination of conditions will reasonably assure the person's appearance as required and the safety of any other individual and the community. The factors to be considered in determining whether to detain a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime involving an explosive or destructive device;

(2) the weight of the evidence against the defendant;

(3) the history and characteristics of the defendant, including (a) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, and criminal history; and (b) whether at the time of the current offense, the defendant was on probation or completion of a sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's pretrial release.

The Pretrial Services Office prepared a report for use at the detention hearing. In the "Assessment of Nonappearance" portion of the report, the following was set forth:

- The defendant has a history of regular marijuana use beginning at age 16;

- The instant offense occurred while the defendant was serving a three-month probation sentence for Trespassing in California;

- Lack of verifiable, legitimate employment; and

- The defendant is a lawful permanent resident of the United States. According to the defendant's mother, his "green card" is set to expire on December 27, 2017. The defendant possesses an expired Russian passport.

In the "Assessment of Danger" portion of the report, the following was set forth:

- The defendant is charged with making explosive devices in a home he shared with other individuals. According to information provided by the government, the defendant admitted to assembling and detonating these devices on several previous occasions;

- The defendant has a history of regular marijuana use beginning at age 16;

- The instant offense occurred while the defendant was serving a three-month probation sentence for Trespassing in California; and

- The nature of the instant offense involves the building of explosive devices.

In evaluating these findings, Pretrial Services recommended that Miftakhov be detained, concluding that there was no condition or combination of conditions that will reasonably assure the appearance of the defendant and the safety of the community.

IV.

For purposes of this appeal, the Court has reviewed the transcript of the February 10, 2014 detention hearing, as well as the documents provided in the record. Now after holding a second detention hearing on February 27, 2014, and after carefully reviewing the entire record, the Court makes the following findings.

The first factor the Court considers—the nature and circumstances of the offense charged—weighs in favor of detention. Defendant manufactured dangerous explosive devices. These devices were made using metal canisters filled with a perchlorate explosive mixture, which, when exploded, could cause damage to property or serious harm or death to people. (Gov. Ex. 14). Miftakhov was storing these devices in his bedroom, which was located in an apartment building where several other individuals resided. Thus, Miftakhov's actions posed significant danger to himself, to the other individuals living in the apartment, and to the police officers who searched the apartment. Furthermore, Miftakhov recognized the danger of these explosive devices, as evidenced by his possession of static guard spray. (ECF No. 12-7, Gov. Ex. 7). Finally, there is evidence that Defendant had previously detonated similar devices.

Regarding the second factor—the weight of the evidence against the person—the evidence at this early stage is strong and weighs in favor of detention. Police discovered the devices during a consensual search of Miftakhov's apartment, and these devices were located in a suitcase bearing Miftakhov's name. Miftakhov further admitted that the devices belonged to him and that he had manufactured them.

Regarding the third factor—the history and characteristics of the person—this factor also weighs in favor of detention. Evidence shows that Miftakhov's parents are well educated, gainfully employed, and supportive of their son. Miftakhov's mother has indicated a willingness to provide a home for him in California and to act as a third party custodian, and has indicated a willingness and ability to post bond, if required. These circumstances weigh in favor of release.

But Miftakhov has only minimal ties to the Western District of Pennsylvania, where he now faces criminal charges. Specifically, Miftakhov's sole connection to this community arises from him being a student at Penn State University. According to Miftakhov, he has only resided in Altoona, Pennsylvania, since August 2013.

More troubling is the fact that, although Defendant is a lawful permanent resident of the United States (ECF 15-2, Def. Ex. B), he remains a Russian citizen. Though Miftakhov has voluntarily surrendered his expired Russian passport, the United States would be unable to prevent Miftakhov from acquiring a new passport from the Russian consulate and traveling outside the United States. The usual measure taken to prevent a defendant from leaving the United States—i.e., taking the person's United States passport—is not effective in this case.

With regard to Miftakhov's past conduct and criminal history, Miftakhov admits that he manufactured and detonated similar explosive devices when he lived in California. As well, in November 2013, Miftakhov was placed on three months of informal probation by a California juvenile court in relation to a trespassing charge.

Miftakhov further admits to having regularly used illegal drugs in the past, and police discovered illegal drugs in his Altoona apartment at the time of his arrest for this offense.

Importantly, Miftakhov was on informal probation at the time of the charged offense in this case. During his short probation term, Miftakhov engaged in illegal drug use, attempted to grow marijuana in his apartment, and manufactured destructive devices. Pretrial Services confirmed that, as a result of the charged offenses, Miftakhov was deemed in violation of his probation by the state of California. This factor weighs strongly in favor of detention because it demonstrates Miftakhov's unwillingness to comply with the terms set by the court.

Thus, when considering Miftakhov's history and characteristics, the Court finds that Miftakhov has shown a pattern of unlawful behavior and that he has shown an unwillingness to comply with the terms of his probation in California.

The fourth and final factor—the nature and seriousness of the danger to the community—further weighs in favor of detention. At the second detention hearing, the Government's sole witness, ATF Agent Ben Cornali, presented the ATF's laboratory analysis of the explosives seized from Miftakhov's apartment. (ATF Laboratory Report, Gov. Ex. 14). This report shows that the explosive devices were capable of causing severe harm to people and property:

> For the first two devices, lighting the pyrotechnic fuse would, after a brief delay, ignite the explosive powder [identified by laboratory analysis as a perchlorate explosive mixture]. Ignition of the explosive powder would generate hot, rapidly expanding gasses that could cause the device to explode, projecting metal fragments at high velocities in all directions.

> For the third device, lighting the pyrotechnic fuse did, after a brief delay, ignite the explosive powder. Ignition of the explosive powder generated hot, rapidly expanding gasses that could have caused the device to explode, projecting metal fragments at high velocities in all directions. These devices could have caused property damage and were capable of causing serious injury or death to persons near the explosion.

(Gov. Ex. 14). The report also contains the opinion of an ATF agent who states, "T]he devices in this investigation were designed as weapons and are properly identified as improvised explosive bombs."

Not only are the devices dangerous, but evidence also shows that Miftakhov stored the devices in a residence he shared with other people; the residence was located in a residential area, near a populated college campus; Miftakhov had detonated similar devices in Altoona, Pennsylvania in the past; and Miftakhov had manufactured and detonated similar devices in California. Few activities are more dangerous to life and property than the manufacturing and storing of explosive devices in a residential area. It was the manufacturing and possession of these devices that constituted the danger: detonation could have occurred unintentionally in the immediate area of other persons thereby causing serious injury to them.

Accordingly, after carefully considering the circumstances in this case, the Court finds that the factors set forth in 18 U.S.C. § 3142(g) weigh heavily in favor of detention. There is clear and convincing evidence that no conditions or combination of conditions would reasonably assure the safety of others or would reasonably assure Miftakhov's appearance at future court proceedings.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CASE NO. 3:14-mj-8 |
| v. | ) | |
| | ) | JUDGE KIM R. GIBSON |
| VLADISLAV MIFTAKHOV, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, this 28th day of February, 2014, for the reasons set forth in the accompanying memorandum opinion, **IT IS HEREBY ORDERED** that the Government's motion for revocation of order of release (ECF No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that the order of release (ECF No. 10) entered by Magistrate Judge Pesto is **REVERSED** and **VACATED**.

**IT IS FINALLY ORDERED** that the Defendant, VLADISLAV MIFTAKHOV, **SHALL BE DETAINED** in the custody of the United States Marshal pending trial.

BY THE COURT:

/s/ Kim R. Gibson

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE